IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANGADBIR SINGH SALWAN, ) | |
| ) | Civil Action No. 1:18-CV-1543 |
| ) | (LMB/TCB) |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ANDRE IANCU, Under Secretary of ) | |
| Commerce for Intellectual Property and Director ) | |
| Of United States Patent and Trademark Office, | |
| | |
| Defendant. | |

**PLAINTIFF'S OPENING BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(B), I the Plaintiff, respectfully submit this Brief in support of my motion for Summary Judgment.

**A. LISTING OF UNDISPUTED FACTS**

As per the Joint Motion for Briefing Schedule filed on April 10, 2019, both the parties have agreed that there are no Disputed Facts in this civil action requiring a **trial**, and therefore, have agreed to proceed on the Administrative Record. With respect to my patent application number 15/188,000 in this civil action, there are **two** Undisputed Facts. My application claims were **illegally** rejected by the examiner:

(i) under **35 U.S. Code section 101** as an **abstract idea**, and
(ii) under **35 U.S. Code 103(a)** as **obvious** over prior art references Hacker and Malhotra.

I appealed to the PTAB (Patent Trial and Appeal Board) of USPTO, but they **wrongfully** affirmed the Examiner's **illegal** rejections completely **ignoring** the applicable **patent laws**.

My **Statement of Complaint,** along with APPENDICES A - I, (administrative record pages A379 – A570) give detailed description, applicable authorities and arguments providing **substantial evidence** that **all claims** of my patent application are in a condition for **allowance.** The only reason for the examiner to reject my claims (and the PTAB affirm his rejections) is **retaliation** because I filed a **complaint** against another examiner (exposing his wrongdoings) for my **previous** patent application. Since then (September 2011), my name has been **black-listed** at USPTO.

The USPTO has an **illegal** system for **flagging** patent applications of certain **individual inventors** called the Sensitive Applications Warning System or SAWS. It has operated in **secret** since **1994**. The SAWS flag attached to an application gives secret (illegal) instructions to the patent examiner, and the PTAB, NEVER to issue any patent to the individual inventor. One of the famous inventors **Gilbert Hyatt,** whose case has been cited by the Defendant's attorney in our joint Motion for Briefing Schedule - "*Hyatt v. Kappos*, 625 F.3d 1320, 1336 (Fed. Cir. 2010)", has been a victim of the SAWS flag (https://venturebeat.com/2018/08/31/why-80-year-old-inventor-gil-hyatt-says-patent-office-is-waiting-for-him-to-die/ ). The SAWS flag is attached to those applications, which if granted, will make **large companies** pay royalties to the **individual inventors.** This illegal practice at USPTO suggests that large companies use **influence,** or even **bribe** the patent office employees.

Since SAWS is a highly secret program within USPTO, I could not collect any direct evidence of the same. But sections 3.0, 3.1 (pages A394 – A396) and APPENDIX -A (pages A431 – A436) of my **Statement of Complaint** provide substantial evidence of widespread **corruption** in the patent office. The examiner and the PTAB have rejected my claims in

2

**retaliation** because I filed complaints against the examiners. I am a **victim** of this **corruption**... and have filed this civil action seeking **JUSTICE** from the court.

**B. CITED PARTS OF RECORD**

In support of this motion for the Summary Judgment, and the above Undisputed Facts, **all pages** of my **Statement of Complaint** (pages A379 – A570), filed in this civil action, are **relevant**. Therefore, to save paper and time of all the parties involved, I am not repeating those arguments herein. Instead, I am presenting the **highlights** along with citations to the **Complaint** pages.

**B.1 Sections 1.1 – 1.4 of Statement of Complaint** (pages A381 – A392)

Sections 1.1 to 1.4 provide the "**key evidence**" of the examiner's **illegal** rejections, and subsequently PTAB affirming all his rejections completely ignoring the applicable **patent laws - 35 U.S. Code section 101** and **103(a)**, and **MPEP** (Manual of Patent Examination Procedures) **section 2106** cited in my Complaint.

    **Abstract Idea** - In section 1.1.1 on page A381, I have described the **Patient Portal** - a preferred embodiment of the independent claims 1 and 10. **Section 1.3** (pages A385 – A386) describes the applicable law - **35 USC section 101**, and the subject matter eligibility required by **MPEP** section **2106**. Since the Patient Portal is a **real-world practical application, claim 1** (page A382) as a **whole** (the representative claim of the invention) is NOT an **abstract idea**, and therefore, it meets the requirements set forth in **35 U.S.C. section 101,** and **MPEP 2106** for patent eligibility.

3

**Non-Obviousness** - The examiner has used the combination of prior art references **Hacker** (pages A548 – A557) and **Malhotra** (pages A558 – A570) as the basis for rejecting my claim 1 (and all other claims) as **obvious** under 35 U.S.C. **section 103(a).** On page A391, section 1.4 (B), I have presented 5 major **"Differences"** between my current invention and Hacker & Malhotra combination. The 35 U.S.C. section 103(a) requires:

> "if the <u>differences</u> between the subject matter sought to be patented and the prior art are such that the <u>subject matter as a whole</u> would have been obvious..."

Because of the cited **five major differences**, my claim 1(and all other claims) meets the "**non-obviosness**" requirement of patent eligibility under 35 U.S.C. section 103(a). It is important to note that both the examiner and the PTAB **failed** to give any **response** to the 5 major differences cited by me. In other words, they could not refute this fact.

**The "Key Evidence" provided in the sections cited above is, most likely, sufficient for this court to grant the Summary Judgment in my favor and issue the patent.**


**B.2 Sections 2.1 – 2.5 Authorities** (pages A392 – A394)

The patent laws and MPEP Rules applicable in my case are described in these sections.


**B.3 Sections 3.0 – 3.1 PTAB's Malafide Intentions** (pages A394 – A396)

These sections describe the history of my applications rejected **repeatedly**, wide spread **corruption** in USPTO, evidence and **malafide intentions** behind the **illegal rejections** made by the examiners, and PTAB affirming their rejections. The Board members, who are administrative **judges** at USPTO, acted like **examiner's attorneys** defending his rejections completely **ignoring** all applicable **patent laws** (most likely because my application has **SAWS flag**). Many times, the PTAB made **false statements** to **cover-up** examiner's false statements in support of

4

his **illegal** rejections. After I filed complaints against the examiner Sind (not the current examiner Igor) for my previous patent application, the USPTO **black-listed** my name and rejected my patent applications several times since **September 2011**.

**B.4 Sections 4.1 – 4.1.6 Rejection under 35 USC 101 – Abstract Idea** (A396 – A401)

Earlier in section 1.1.1, I have presented my arguments that the **Patient Portal** – a preferred embodiment of claims 1 and 10 – is not an **abstract idea**. Sections 4.1 – 4.1.6 provide further evidence of the PTAB **erroneously** affirming examiner's **illegal** rejections.

Section 4.1.1 describes how the examiner **distorted** the **preamble** of claim 1, and then declared the distorted preamble as the abstract idea for the **whole claim**. The PTAB made 2 **erroneous/false statements** related to the distorted preamble to cover-up examiner's wrong rejection. Further (see sub-section 4.1.1.2), the examiner used many **phrases/terms** in his rejections that **do not exist** in any of my claims. More importantly, the examiner did not address any element of my claim, particularly the **new and useful, patent eligible inventive-steps**. After the preamble, he **copied and pasted** remaining **wording** of claim 1, and stated that these limitations:

```
"further describe the abstract idea, but do not make it less abstract."
```

In section 4.1.2, I have explained how the examiner **wrongly** alleged that claim 1 describes the concepts of **"human activity"** and **"hedging"**. Such terms do not exist in any of my claims.

As described in sub-section 4.1.3, the examiner failed to provide the **definition** of the abstract idea. In my Appeal Brief, I had provided the **dictionary definition** of the abstract idea. But the Board ignored my arguments. The examiner **wrongly** rejected my claim 1 using the high

5

level generic description/terms, and completely ignoring the **new and useful**, patent eligible inventive-steps:

> ...not allowing the **confidential data** to be transferred from the **private database** (thus keeping it safe and secure); only transferring patient **EMR data** (medications, diagnosis, prescriptions etc.) to the **central database**; and computation of **EMR reports** to be accessed by authorized healthcare user groups and patients.

The Board affirmed the examiner's **wrong** rejection by **re-phrasing** the language in their Appeal Decision.

As described in section 4.1.4, the Board gave **no response** to my arguments regarding the multi-billion dollar EMR and billing software industry, and granting of 3000+ patents by the USPTO.

Similarly, they did not respond to my arguments described in section 4.1.5.

Section 4.1.6 again describes the **Patient Portal** – the key evidence that claim 1 is not an abstract idea. The examiner and the PTAB failed to refute my arguments related to the Patient Portal, and therefore, **did not** give any **response.**

In section 4.1.7, I have concluded that all claims of my invention are in a condition for allowance, and requested this court to reverse the PTAB's decision and issue my patent.

**B.5 Sections 4.2 – 4.2.16 Rejection under 35 USC 103(a) – Non-obviousness (A401 – A416)**

In section 4.2.1, I have presented my arguments about the **impermissible hindsight** used by the examiner:

> In his 103(a) rejections of all claims, first the examiner cited **parts of the claim-sentence** (used the **knowledge** of the invention and **impermissible hindsight** - a **violation of section 2142**); then found and

6

```
equated the parts, one by one, to similar (but not the same) wording in
Hacker and Malhotra specifications; and declared each claim obvious and
unpatentable over Hacker and Malhotra combination.
```

In their Appeal Decision, the board **ignored** responding to my above arguments. In the Appeal Rehearing Decision (page A536), the Board has made an **erroneous** argument defending the examiner. They cited **"gleaned only"** clause from an **outdated** court case *In Re Mclaughlin* from 1971. In rest of the subsections (4.2.1.1 – 4.2.1.5), I have presented **substantial evidence** refuting board's erroneous **"gleaned only"** argument. It is important to note that this **wrong** argument was **never** made by the examiner.

In section 4.2.2, I have presented arguments to prove that the examiner **failed** to point out **specifically which elements**, and **how to** combine those specific elements of Hacker and Malhotra. The two systems are so different that their elements cannot be combined to **arrive at my claimed invention**. The board made a new argument to **defend** the examiner (never made by the examiner) regarding the "actual mechanics" to join the two references. This argument is completely **irrelevant** and not applicable herein.

In section 4.2.3, I have presented the **5 major differences** between the current invention and the combination of "Hacker & Malhotra". Above in section B.1 on page 3, I have already cited these 5 differences as **Key Evidence**, which provides **substantial evidence** that my claims are in a **condition for allowance** under 35 USC section 103(a).

As further evidence, the examiner made a **false statement** thereby rejecting my claims:

```
"The rationale to support a conclusion that the claim would have been
obvious is that all the claimed elements were known in prior art..."
```

However, the examiner could not **refute,** and therefore never gave any response to the above **5 differences** cited by me. In an effort to **defend the examiner**, in their Request for Rehearing Decision (page A538), the board has made <u>two false statements</u> and cited <u>two court cases</u> which

7

are **irrelevant**. In sub-sections 4.2.3.1 – 4.2.3.3, my arguments provide **substantial evidence** proving the board's arguments as **false/irrelevant**.

In sections 4.2.4 and 4.2.5, I have presented arguments to prove that the board has made **false statements**. It is obvious just by **reading** these sections.

In section 4.2.6, I have presented the evidence that the examiner **copied** wording from my previous examiner Sind's rejection of my **previous application** no. 12/587,101 and pasted **without reading**. This wording is not a part of my **any current claim**. The board, obviously, failed to respond to my arguments.

In section 4.2.7, I have disclosed that the board made a **false statement** (trying to defend the examiner) without **thinking** because it does not make any **sense**. It is obvious simply by **reading** this section.

In section 4.2.8, I have exposed a completely **false statement** made by the examiner regarding *"certain minimal information"*. And in order to defend the examiner, the board has made another **erroneous statement** regarding the HIPAA requirement, which is **irrelevant** to my claims.

In section 4.2.9, I have presented another **erroneous** statement made by the board citing *In Re Fulton*. The statement - "…how Malhotra actually `criticizes, discredits or otherwise discourages…`" - is **irrelevant** herein. My argument, reproduced from page 22 of my Appeal Brief (page A471), states: - "Malhotra teachings are `contrary`… to the `erroneous statement` made by the examiner". In other words, I have argued that the examiner made another **false statement**.

In section 4.2.10, I have reproduced an argument made by the board in their appeal decision regarding the **ancillary systems/devices** in Hacker's system. In response, I have clearly

8

demonstrated that the board's argument is **erroneous** and not **applicable** to Hacker. That is why the examiner did not cite these ancillary devices shown in Hacker's Fig. 1, but nowhere disclosed in the specification. Further, the board made another statement regarding Malhotra teaching "**billing**", which is **false/irrelevant**.

In section 4.2.11, I have presented an **erroneous argument** made by the board regarding "different **objective/purpose** of Hacker and Malhotra systems". In response, I clearly explained that my argument in the Appeal Brief (page A472) is about the **"lack of motivation, articulated reasoning and identifying convincing reasons"** to combine elements of Hacker and Malhotra, and **not** about "specific disclosure" in Hacker and Malhotra as **erroneously** argued by the board.

In section 4.2.12, I have presented the **erroneous argument** related to the **impermissible hindsight** repeated by the board. Earlier in section 4.2.1, I have already given my arguments about examiner's impermissible hindsight. Once again in section 4.2.12, I have provided **substantial evidence** that the examiner violated **section 2142** with respect to **impermissible hindsight** in rejecting my claims.

In section 4.2.13, I have given explanation to the board's question about the difference between a "system" and an "EMR computing system" as related to my claim 1.

In section 4.2.14, I have presented a completely **false statement** made by the board about the **"perceived shortcomings"** in my claims. The examiner failed to notify me - simply because there are no shortcomings.

In section 4.2.14.1, I have presented my arguments about the examiner failing to establish the *prima facie* **conclusion** of obviousness.

In section 4.2.14.2, I have given my response to the board's **false statement** about "explicit analysis". The examiner gave only two analyses in his entire rejections – and both were **erroneous**.

In section 4.2.15, I have given detailed arguments about an **erroneous statement** intentionally made by the board with **malafide intentions** alleging that "different terminology" does not render the examiner's rejection inapt.

In section 4.2.16, I have given detailed arguments in response to board's **erroneous statement** regarding the **Patient Portal** serving as the **"secondary evidence"**.

In section 4.2.16.1, I have **emphasized** the importance of secondary evidence citing *"Liquid Power Specialty Products v. Baker Hughes"*. In their Appeal Decision, the board had dismissed my arguments related to secondary evidence without giving due consideration.

In section 4.2.16.2, I have described a "long-felt but unresolved need" to solve a major problem of the healthcare industry – how to exchange patient records among medical offices and patients **efficiently** and **cost effectively**.

Section 4.2.16.3 explains the adoption of the **Patient Portal** by the government and healthcare industry starting in 2009 – four years after my original patent application was published in June 2005. The medical industry renamed my **P2P Network** as **Patient Portal**.

Section 4.2.16.4 gives a description of the **commercial success** of **my invention** under the name Patient Portal, how it was adopted by the department of Health and Human Services (HHS), and **copied** by many commercial companies. Unfortunately, I the inventor of **Patient Portal** could not reap the benefits of my invention. The USPTO repeatedly rejected my applications for years in **retaliation**... because I filed complaints against an **examiner** exposing his **wrongdoings**.

10

*It is important to take notice that in sections 4.1 – 4.2.16 of my Statement of Complaint, I have written "20 Notes" about the PTAB making **erroneous/false statements** and **arguments** to **defend** the examiner and to **cover-up** his wrongdoings, i.e., **illegally rejecting** my claims.*

### B.6 Dependent Claims Rejections under 35 USC Section 103(a) (page A417)

The examiner has rejected all dependent claims using the same **illegal method** of rejection as independent claims. In this section, I have summarized my arguments refuting examiner's **illegal** rejections of all dependent claims. I did not feel it necessary to repeat my detailed arguments used earlier for independent claims 1, 10 and 20. The board did not give any response to my summary arguments presented in this section.

### B.7 Conclusion of Arguments (pages A417 – A421)

**Section 5**, along with its subsections, **summarizes** the detailed arguments presented in my **Statement of Complaint**. Based on the arguments and evidence presented in **sections 1 - 4**, the following sections **emphasize** that the rejections made by the examiner of all claims (1 – 20) **do not comply** with the applicable patent laws – **35 USC sections 101** and **103(a)**; and the PTAB made many **erroneous/false** statements to defend the examiner's **illegal** rejections and affirming the same.

**Section 5.1** presents the conclusive arguments refuting the 35 USC section **101** rejections – **abstract idea**. The **Patient Portal,** an embodiment of claim 1, is a **real-world practical application,** copied and implemented by more than **300 companies,** and being used by most of the medical service providers in the country. It meets the subject matter **eligibility criteria** set forth in **MPEP 2106 – Step 2**, particularly:

```
While abstract ideas, natural phenomena, and laws of nature are not

eligible for patenting, methods and products employing abstract ideas,

natural phenomena, and laws of nature to perform a real-world function

may well be.
```

Therefore, claims 1 – 20 of my invention are **not abstract ideas,** and **patentable** under 35 USC **section 101.**

**Section 5.2** presents the conclusive arguments refuting 35 USC section **103(a)** rejections – **obviousness.** This section emphasizes the **Key Evidence** presented earlier in section 1.4:

**(B) Differences between Current Invention and the Combination of "Hacker & Malhotra"**

**35 USC section 103(a)** requires:

```
… "if the differences between the subject matter sought to be patented

and the prior art are such that the subject matter as a whole would have been

obvious…".
```

Because of the cited **differences,** and considering each claim as a **whole,** the examiner did not satisfy the requirements set forth in **35 USC 103(a)** declaring my claims as **obvious.**

Section 5.2.1 emphasizes the argument presented in section 4.2.9 - a few teachings of Malhotra are **contrary** to (and **lead away** from) the claimed invention.

Section 5.2.2 emphasizes that the examiner failed to provide **explicit analysis** and **articulated reasoning** in his rejections as required by **MPEP section 2142.** He has given only two **analyses/reasoning** with respect to **motivation** (for a person skilled in the art) to combine

the elements of Hacker and Malhotra - see sections 4.2.8, 4.2.10 and 4.2.14.2. Both **reasoning** given by the examiner and affirmed by PTAB are **erroneous**.

Section 5.2.3 emphasizes that the examiner used the **knowledge of the specification** and **impermissible hindsight** (see sections 4.2.1 and 4.2.12) rejecting my claims – a **violation** of **MPEP** section **2142**. Therefore, the board's affirmation of the examiner's **illegal rejections** is **erroneous**.

Section 5.2.4 emphasizes that the examiner failed to present a **prima facie conclusion** of **obviousness** in his rejections (see section 4.2.14). Therefore, the board's affirmation of the examiner's rejections is **erroneous**.

Section 5.2.5 emphasizes that the examiner **erroneously** used the same combination of Hacker & Malhotra (both disclose **central EMR systems**) in rejecting independent **claim 20**, whereas claim 20 does not claim any central server, central computer program or <u>**central database**</u>. The board made an **erroneous** argument of **"different terminology"** in their Appeal Decision (see section 4.2.15). Therefore, the board's affirmation of the examiner's **illegal rejections** is **erroneous**.

Section 5.2.6, again emphasizes that the **Patient Portal** (a preferred embodiment of claims 1 and 10) serves as strong <u>**secondary evidence**</u> that my invention claimed in independent claims is **non-obvious** (see sections 4.2.16 – 4.2.16.4). Therefore, the board's affirmation of the examiner's **illegal rejections** is **erroneous**.

### Final Conclusion on the basis of Merits of the Claimed Subject Matter

For the above reasons, the plaintiff respectfully submits that the **claimed invention** (claims 1 – 20) is **not an abstract idea** (section 101); and is **non-obvious** over Hacker and Malhotra prior art

13

(section 103a), and therefore, **a summary judgment** should be **granted** and a **patent should be issued** to me.

The last section 5.3 emphasizes that besides the evidence of patentability of my claims on the **basis of merits**, I have also given substantial evidence of the **malafide intentions** of both the examiner and the PTAB judges. Throughout in the Final Action (pages A492 – A512), the Appeal Decision (pages A513 – A528), and the Rehearing Decision (pages A529 – A547), the examiner and the judges have **intentionally** made **false statements**. There is no doubt left that they rejected my claims in **retaliation**... because I had filed **complaints** of the wide spread **corruption** in USPTO to the Maryland congressman and the senator.

The **Washington Post** article and a letter to **President Trump** from a group of inventors at www.usinventor.org (APPENDIX –A, pages A431 – A436) serve as the **undisputable evidence** of the PTO **corruption**. I am hoping this court will grant **summary judgment** in my favor, reverse the **illegal rejections** affirmed by the PTAB, and my patent will finally be issued after **8 years** of sufferings.

**I am seeking justice from this court...!!!**

This court's decision to issue the current patent will serve as the FIRST step towards eliminating CORRUPTION from the US patent office. The **Intellectual Property** plays a **vital role** in improving the **economy** of our **country**. The corruption in PTO is blocking the **innovative technologies** coming to the market and helping the people in USA.

**God bless America...!!!**

Respectfully submitted,

By: _____

ANGADBIR SINGH SALWAN
10201 Grosvenor Place, Unit 1206
Rockville, MD 20852
PLAINTIFF, PRO SE
absalwan@physician2patient.net

Cell: (301) 233-3061                                              DATE: May 8, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2019, I served this motion by email to the defendant's assistant attorney Ms. Kimere Kimball.

_____
Angadbir Salwan